UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REGINA JACKSON, INDIVIDUALLY AND FOR OTHERS SIMILARLY SITUATED,<br><br>**PLAINTIFF,**<br>V.<br><br>APERION CARE, INC.<br><br>**DEFENDANT.** | CASE NO. 1:23-cv-00139<br><br>JURY TRIAL DEMANDED |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Plaintiff Regina Jackson (Jackson) brings this lawsuit pursuant to the Illinois Minimum Wage Law (IMWL), the Illinois Wage Payment and Collection Act (IWPCA), and the Fair Labor Standards Act (FLSA), to recover unpaid overtime wages and other damages from Defendant Aperion Care, Inc. (Aperion) for herself and all Putative and Illinois Class Members (defined below) under the IMWL, the IWPCA, and the FLSA.

2. Aperion has failed to pay Jackson, and other workers like her, as required by Illinois law as well as the FLSA.

3. Aperion does not provide bona fide meal periods for its hourly employees who are responsible for direct patient care. Instead Aperion automatically deducts 30 minutes of pay, each day, for meal breaks regardless of whether employees like Plaintiff are required to work through their breaks.

4. At all times, Aperion and its employees had an understanding that the employees would be compensated for all time worked.

5. Non-exempt employees involved in direct patient care were not completely relieved of duties during meal periods and were denied pay for those on-duty meal periods. Aperion continues to require hourly employees responsible for direct patient care to remain on duty and subject to interruptions during meal breaks.

6. Aperion also failed to pay for certain compensable hours altogether, requiring Jackson and the Putative and Illinois Class Members to work off-the-clock for certain activities and failing to pay them for this time.

7. During Jackson's time as an employee at Aperion, she and other Putative and Illinois Class Members were routinely not compensated for time worked off-the-clock.

8. Jackson and the Putative and Illinois Class Members would regularly be asked to conduct certain work activities before clocking in and after clocking out.

9. These work activities, included passing out supplies such as food trays, assisting patients with activities of daily living, cleaning as well as putting up supplies at the end of the shift.

10. These off-the-clock work activities occurred on a routine and consistent basis at the direction of Aperion.

11. During weeks that Jackson and the Putative and Illinois Class Members worked over forty (40) hours a week, under the IMWL, the unpaid time is owed at a rate that is one and a half times their regular hourly rate.

12. During weeks that Jackson and the Putative Class Members worked and were not paid for all time worked under forty (40) hours a week, the unpaid time is owed at the hourly rate Aperion promised and agreed to pay Jackson and the Putative and Illinois Class Members for their labor.

13. Jackson brings this class and collective action to recover unpaid overtime wages and other damages for time worked off-the-clock during and outside of the auto deducted meal periods.

14. Jackson brings her IMWL overtime claim and IWPCA unpaid wage claim as a class action pursuant to Fed. R. Civ. P. 23.

## JURISDICTION AND VENUE

15. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

16. The Court also has supplemental jurisdiction over any state law sub-classes pursuant to 28 U.S.C. § 1367.

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to this action occurred in this District.

18. Aperion is headquartered in Lincolnwood, Illinois.

19. Jackson performed work for Aperion in Chicago, Cook County, Illinois which is in this District and Division.

## THE PARTIES

20. Jackson was a certified nursing assistant for Aperion. Her consent has been attached as Exhibit A.

21. Jackson worked for Aperion from approximately October 2018 through November 2021.

22. Jackson was employed by Aperion as an "employee," as that term is defined by Section 3 of the IMWL, 820 ILCS 105/3, and Section 2 of the IWPCA, 820 ILCS 115/2.

23. Aperion was Jackson's "employer" as that term is defined by Section 3 of the IMWL, 820 ILCS 105/3 and Section 2 of the IWPCA, 820 ILCS 115/2.

24. Jackson brings this action on behalf of herself and all other similarly situated Putative Members under the collective action provisions of the FLSA. *See* 29 U.S.C. §216(b).

25. With respect to Jackson's FLSA claim, the proposed class of similarly situated workers

consists of:

> **All current and former hourly employees of Aperion who were employed in the past three (3) years (Putative Class Members).**

26. The identities of the Putative Class Members can be readily ascertained from Aperion's records.

27. Jackson seeks conditional and final certification of the FLSA class in this collective action under 29 U.S.C. § 216(b).

28. Jackson further seeks certification of a class under FED R. CIV. P. 23 to remedy Aperion's violations of the IMWL and IWPCA.

29. With respect to Jackson's IMWL claim, she seeks to represent a class that is comprised of and defined as:

> All current and former hourly employees employed by Aperion in Illinois in the past 3 years (IMWL Class Members).

30. With respect to Jackson's IWPCA claim, Jackson seeks to represent a class that is comprised of and defined as:

> All current and former hourly employees employed by Aperion in Illinois in the past ten (10) years (Illinois Class Members.)

31. The IMWL Class Members and the IWPCA Class Members shall collectively be referred to as the "Illinois Class Members."

30. Jackson's IMWL and IWPCA claims are being brought as a class action under Rule 23, Fed. R. Civ. P. 23, because the Illinois Class is so numerous that joinder of all class members is impracticable.

31. The Illinois Class Members are easily ascertainable from Aperion's business and personal records.

32. Aperion is a healthcare services company headquartered in Illinois at 4655 W. Chase

4

Ave, Lincolnwood, IL 60712.

33. Aperion may be served by serving its registered agent: Frederick S. Frankel at 4655 W. Chase Ave, Lincolnwood, IL 60712.

## COVERAGE UNDER THE FLSA

34. Jackson incorporates by reference all allegations in preceding paragraphs.

35. At all relevant times, Jackson was an employee of Aperion within the meaning of Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

36. At all relevant times, Aperion was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

37. At all relevant times, Aperion was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

38. At all relevant times, Aperion was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as medical supplies, cell phones, and personal protective equipment - that have been moved in or produced for commerce.

39. At all relevant times, Aperion had an annual gross volume of sales made in excess of $1,000,000.

40. At all relevant times, Jackson and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## FLSA COLLECTIVE ACTION ALLEGATIONS

41. Jackson incorporates all allegations contained in the foregoing paragraphs.

42. Jackson and Putative Class Members, Aperion's employees, are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

43. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of forty hours per workweek.

44. Throughout the relevant period, Aperion expected and required Jackson and Putative Class Members to be available to work during their promised meal breaks.

45. As a certified nursing assistant, Jackson was required to stay on duty at all times, including during her meal breaks.

46. Nonetheless, Aperion deducted 30 minutes from each day worked from Jackson and the Putative Class Members' pay.

47. In addition to being subjected to the auto deduct meal break policy, Jackson and the Putative Class Members performed different duties on behalf of Aperion and its patients that were not compensated. These activities which took place before and after their shifts include, but are not limited to: passing out supplies such as food trays, assisting patients with activities of daily living, cleaning as well as putting up supplies at the end of the shift.

48. Jackson and the Putative Class Members performed their job duties under Aperion's supervision, and using materials and technology approved and supplied by Aperion.

49. Jackson and the Putative Class Members were required to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

50. At the end of each pay period, Jackson and the Putative Class Members received wages from Aperion that were determined by common systems and methods that Aperion selected and controlled.

6

51. Jackson worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

52. Each Putative Class Member worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

53. Jackson and Putative Class Members have been harmed as a direct and proximate result of Aperion's unlawful conduct because they have been deprived of wages owed for work they performed and from which Aperion derived a direct and substantial benefit.

54. Aperion's failure to pay overtime wages to Jackson and Putative Class Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

55. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

**IMWL AND IWPCA ILLINOIS CLASS ACTION ALLEGATIONS**

56. Jackson incorporates the preceding paragraphs by reference.

57. Jackson brings this claim under the IMWL and IWPCA as a class action. The questions of law and fact for the Illinois Class Members are the same as Jackson's.

58. Other Illinois Class Members worked with Jackson and indicated they were paid in the same manner (without overtime compensation and for less than all hours worked).

59. Other Illinois Class Members worked with Jackson, and they performed similar health care related services for Aperion.

60. Indeed, other Illinois Class Members worked with Jackson, held similar positions and were subjected to the same pay practices, and, regardless of their precise job title, their job duties were

7

to perform health care related services in accordance with Aperion's policies, procedures, plans, and regulations.

61. The Illinois Class Members are similarly situated in all relevant respects.

62. Even if their precise job duties varied somewhat, these differences do not matter for the purposes of determining their entitlement to all regular wages and overtime wages.

63. The Illinois Class Members were not paid for all of their work, including overtime hours worked.

64. All the Illinois Class Members worked for Aperion in Illinois during the past ten years.

65. The illegal payment scheme that Aperion imposed on Jackson was likewise imposed on all Illinois Class Members.

66. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the IMWL and IWPCA.

67. The Illinois Class Members were similarly denied overtime compensation when they worked more than 40 hours per week.

68. The overtime wages and regular wages owed to Jackson and the Illinois Class Members will be calculated using the same records.

69. The wages owed to Jackson and the Illinois Class Members will be calculated using the same formula.

70. Jackson's experience is typical of the experiences of the Illinois Class Members.

71. The specific job titles or precise job locations of the various members of the class do not prevent a class action.

72. Jackson has no interest contrary to, or in conflict with, the Illinois Class Members that would prevent a class action.

73. Like each Illinois Class Member, Jackson has an interest in obtaining the unpaid wages and unpaid overtime wages owed under the IMWL and IWPCA.

74. A class action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

75. Absent a class action, many Illinois Class Members will not obtain redress of their injuries.

76. Absent a class action, Aperion will reap the unjust benefits of violating the IMWL and IWPCA.

77. Further, even if some of the Illinois Class Members could afford individual litigation against Aperion, it would be unduly burdensome to the judicial system.

78. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Illinois Class Members, as well as provide judicial consistency.

79. The questions of law and fact that are common to each Illinois Class Member predominate over any questions affecting solely the individual members.

80. Among the common questions of law and fact are:

    A. Whether Aperion's decision to not pay for all hours worked violated the IMWL and IWPCA;

    B. Whether Aperion's decision to automatically deduct meal periods violated the IMWL and IWPCA;

    C. Whether Aperion's decision to not pay overtime compensation to these workers was made in good faith;

    D. Whether Aperion's illegal pay practice applied to all Illinois Class Members; and

    E. Whether Jackson and the Illinois Class Members sustained damages arising out of Aperion's illegal and uniform compensation policy.

81. Jackson knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class action.

82. Aperion is liable under the IMWL and IWPCA for failing to pay all wages and overtime wages to Jackson and the Illinois Class Members.

83. As part of its regular business practices, Aperion intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the IMWL and IWPCA with respect to Jackson and the Illinois Class Members.

84. Aperion's illegal payment scheme deprived Jackson and the Illinois Class Members of the premium overtime wages they are owed under IMWL.

85. Aperion was aware, or should have been aware, that the IMWL and IWPCA required it to pay Jackson and the Class Members for all wages and overtime premiums for all hours worked in excess of 40 hours per workweek.

86. Those similarly situated employees are known to Aperion, are readily identifiable, and can be located through Aperion's records.

## COUNT ONE—VIOLATIONS OF THE FLSA

87. Jackson incorporates the preceding paragraphs by reference.

88. By failing to pay Jackson and the Putative Class Members overtime pay at one-and-one-half times their regular rates for all hours worked, Aperion violated the FLSA's overtime provisions.

89. Aperion owes Jackson and the Putative Class Members damages for the time improperly deducted each day and the time Jackson and the Putative Class Members spent working off-the-clock.

90. Because Aperion knew or showed reckless disregard for whether its pay practices violated the FLSA, Aperion owes these wages for at least the past three years.

91. Aperion is liable to Jackson and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

92. Aperion is liable to Jackson and the Putative Class Members for willfully violating the FLSA.

93. Jackson and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### COUNT TWO—VIOLATIONS OF THE IMWL

94. Jackson incorporates the preceding paragraphs by reference.

95. Jackson brings this claim under the IMWL as a class action.

96. The matters set forth in this Count arise from Aperion's violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Jackson brings this action on her own behalf and on behalf of the Illinois Class pursuant to 735 ILCS 5/2-801.

97. Pursuant to 820 ILCS 105/4a, for all weeks during which Jackson and the Illinois Class Members worked in excess of 40 hours, Jackson and the Illinois Class Members were entitled to be compensated at one and one-half times their regular hourly rate of pay for time worked in excess of 40 hours per workweek.

98. At all relevant times, Aperion was subject to the requirements of the IMWL.

99. At all relevant times, Aperion employed Jackson and each Illinois Class Member with Illinois state law claims as an "employee" within the meaning of the IMWL.

100. The IMWL covers and applies to all Illinois Class Members working in and based out of Illinois, including Jackson.

101. Jackson and the Illinois Class Members all worked for Aperion in Illinois.

102. The IMWL requires employers like Aperion to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of 40 in any one workweek. Jackson and the Illinois Class Members are entitled to overtime pay under the IMWL.

103. Aperion had a policy and practice of not paying Jackson and each Illinois Class Member for all hours worked including those overtime hours over 40 in a workweek.

104. Pursuant to 820 ILCS 105/12(a), Plaintiff and the Illinois Class Members are entitled to recover punitive damages in the amount of five percent (5%) per month of the amount of under payments.

105. Jackson and each Illinois Class Member seek unpaid regular rate pay and overtime pay in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 in a workweek, treble damages in an amount equal to the amount of all overtime wages due, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

106. Jackson and each Illinois Class Member also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Aperion, as provided by the IMWL.

**VIOLATIONS OF THE IWPCA**

107. Jackson incorporates the preceding paragraphs by reference.

108. Jackson brings this claim under the IWPCA as a class action.

109. This count arises under the IWPCA, 820 ILCS 115/1, *et seq.*, for Aperion's failure and refusal to pay Jackson and the IWPCA Class they seek to represent for all their wages earned at the rates Aperion agreed to pay them for the work they performed for Aperion.

110. Aperion agreed to pay Jackson an hourly rate of pay for all work she performed for Aperion, and Jackson accepted Aperion's offer.

111. Aperion agreed to pay Illinois Class Members an hourly rate of pay for all work they performed for Aperion, and IWPCA Class Members likewise accepted Aperion's offer.

112. Aperion also failed to pay other Illinois Class Members for all time they worked at the rates Aperion agreed to pay them for the work they performed for Aperion.

113. Jackson and Illinois Class Members were denied compensation for all time they worked in certain workweeks in violation of the IWPCA.

114. Jackson and the other Illinois Class Members were regularly directed to complete hours work off-the-clock on a weekly basis.

115. Jackson and Illinois Class Members were entitled to be compensated for all time they worked at the rate agreed to by the parties, pursuant to the agreements they formed with Aperion.

116. Aperion's failure to pay Jackson and the Illinois Class Members for all earned wages at the rates agreed to by the parties violated the IWPCA.

117. Jackson represents certain current and former employees of Aperion who have not been paid for all their earned wages for the last ten years, through and including the present. Jackson and the Illinois Class Members pray for judgment against Aperion as follows:

    A. An injunction precluding Aperion from violating the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*;

    B. Damages in the amount of 5% or 2% of the amount of underpayments per month pursuant to the formula set forth in 820 ILCS 115/14(a), depending on when the wages were earned;

    C. Prejudgment interest on the wages owed to Jackson and Illinois Class Members;

    D. Reasonable attorneys' fees and costs incurred in bringing this action; and

    E. Such other and further relief as this Court deems appropriate and just.

## JURY DEMAND

118. Jackson demands a trial by jury.

## PRAYER

119. Jackson prays for relief as follows:

    A. An Order designating the Putative Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Putative Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

B.     For an Order pursuant to Section 16(b) of the FLSA finding Aperion liable for unpaid back wages due to Jackson and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation for three years as a result of the willful violations;

C.     For an Order certifying the Illinois Class pursuant to Fed. R. Civ. P. 23;

D.     For and Order pursuant to IMWL and IWPCA finding Aperion liable for unpaid back wages due to Jackson and the Illinois Class Members, attorneys' fees, costs, penalties, and pre- and post- judgment interest at the highest rate allowed by laws; and

E.     For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Date: January 10, 2023

/s/ *Douglas M. Werman*
Douglas M. Werman
Maureen A. Salas
Sarah J. Arendt
**WERMAN SALAS P.C.**
77 W. Washington St., Ste 1402
Chicago, IL 60602
(312) 419-1008 – Telephone
(312) 419-1025 – Facsimile
dwerman@flsalaw.com
msalas@flsalaw.com
sarendt@flsalaw.com

**AND**

Michael A. Josephson
State Bar No. 24014780
Andrew W. Dunlap
State Bar No. 24078444
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, TX 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

**AND**

14

                                              Richard J. (Rex) Burch
                                              Texas Bar No. 24001807
                                              **BRUCKNER BURCH, PLLC**
                                              11 Greenway Plaza, Ste 3025
                                              Houston, TX 77046
                                              713-877-8788 – Telephone
                                              713-877-8065 – Facsimile
                                              rburch@brucknerburch.com